**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| ROGER HARRIS, | Case No. 3:19-CV-198-JHM |
| Plaintiff, | Judge Joseph H. McKinley, Jr. |
| vs. | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY | |
| Defendant. | |

**COMPLAINT FOR LONG TERM DISABILITY BENEFITS DUE AND CLARIFICATION AS TO RIGHTS UNDER THE PLAN**
**29 U.S.C. § 1132(a)(1)(B)**

Now comes the Plaintiff, ROGER HARRIS, by his attorney, and complaining against the Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY and states as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132(a)(1)(B) and arises out of an ERISA governed long term disability plan. Plaintiff is seeking benefits due pursuant to the terms of his employee benefit plan and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g). Plaintiff's physical condition deteriorated to the point where he could no longer function in the workplace, forcing him to leave his occupation and apply for disability benefits under his employer's long-term disability insurance plan. Defendant, the insurer and administrator of the plan, wrongfully denied Plaintiff's claim for benefits. In doing so, Defendant (1) minimized the pain and physical limitations Plaintiff

experiences due to his chronic lower back pain; (2) ignored the effects his required narcotic pain medications have on his functional ability; (3) dismissed credible opinions from Plaintiff's treatment provider and an Independent Medical Examiner; (4) made unsupported credibility determinations, and (5) chose not secure an Independent Medical Examination by a physician of its own choosing, instead relying on a file-only reviewing medical consultants.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court is based upon ERISA, and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

3. The ERISA statute provides a mechanism for administrative or internal appeal of benefit denials at 29 U.S.C. § 1133. Those avenues of appeal have been exhausted.

4. The ERISA venue statute provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Venue is proper in the United States District Court for the Western District of Kentucky.

## THE PARTIES

5. Plaintiff, Roger Harris ("Harris" or "Plaintiff"), is a former employee of Total Resource Management ("TRM") who resides in Louisville, Kentucky. TRM sponsors an employee welfare benefit plan, as that term is defined in 29 U.S.C. § 1002(1), which provides long-term disability benefits. Incident to his employment, Harris received coverage under the plan as a "participant" as defined by 29 U.S.C. § 1002(7).

6. Defendant United of Omaha Life Insurance Company ("Mutual of Omaha" or "Defendant") insures the TRM welfare benefit plan through insurance policy number GLTD-AZMR ("the Policy"). Mutual of Omaha is the claim review fiduciary of the Plan, insures the Plan, and is responsible for paying any LTD benefits under the Plan.

## FACTS PERTAINING TO HARRIS' DISABILITY CLAIM

7. As a participant under the TRM employee welfare benefit plan Harris was entitled to benefits set forth in the governing insurance policy.

8. The insurance policy defines disability as follows:

> **Disability** and **Disabled** mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
>
> (a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>
> (b) after the Elimination Period, You are:
>
> 1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> 2. unable to generate Current Earnings which exceed 99% of your Basic Monthly Earnings due to that same Injury or Sickness.
>
> (c) After a monthly benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any gainful occupation.

9. Harris worked in the oil and gas industry as a Senior Business Consultant for TRM until he was forced to stop working on March 18, 2016 due to symptoms and side effects from medications related to his severe lower back pain. Harris proudly worked for TRM for almost 10 years prior to his disability.

10. Harris' disabling condition has been objectively verified by an MRI that reveals broad-based disc protrusion at L4-5 and disc protrusion at L5-S1. As a result of his condition,

Harris constantly experiences severe and chronic pain, fatigue, limited range of motion and other symptoms that significantly interfere with his physical functional ability as well as his attention and concentration.

11. Harris' also takes numerous prescribed medications, including narcotic pain medication, that further diminish his attention and concentration.

12. Harris' condition produces waxing and waning symptoms that disable him from work on all days but produces good days and bad days. On good days, Harris attempts to be more active. On bad days, he is completely incapacitated by the pain and fatigue.

13. Dr. Lawrence Peters is Harris' long-time treating pain management physician. Dr. Peters has directly observed Harris on many occasions and documented the decline in his health condition. On April 11, 2016 Dr. Peters completed an Attending Physician Statement ("APS") at Mutual of Omaha's request. Dr. Peters advised that Harris has the following restrictions and limitations:

- *Patient unable to sit for more than 30 minutes*
- *Patient unable to stand for more than 15 minutes*
- *Patient unable to walk for more than 15 to 20 minutes*
- *Ability to follow work rules markedly limited*
- *Unable to perform repetitive short cycle work*
- *Unable to perform at a constant pace*
- *Ability to perform a variety of duties markedly limited*
- *Ability to understand, remember and carry out complex job instructions markedly limited*
- *Ability to interact with supervisors markedly limited*
- *Ability to direct, control or plan activities of others markedly limited*
- *Ability to influence people in their opinions, attitudes and judgments markedly limited*

14. During its initial assessment of Harris' claim, Mutual of Omaha had Nurse Consultant Florence Kelley perform a medical records review. In her final report, Ms. Kelley opined, "restrictions and limitations are not supported by the medical records."

15. Based on Ms. Kelley's assessment, Mutual of Omaha sent Harris a letter (dated July 29, 2016) notifying him that his claim for LTD benefits was denied.

16. Mutual of Omaha's decision constituted an adverse benefit determination, as that term is used in 29 C.F.R. § 2560.503-1.

17. Pursuant to the administrative remedies in the Policy, Harris timely appealed the adverse benefit termination.

18. On November 30, 2016, Harris was seen by occupational medicine physician Dr. Jules Barefoot for an Independent Medical Examination ("IME"). Dr. Barefoot conducted a thorough in-person examination and reviewed Harris' medical records, including the APS from Dr. Peters and report from Nurse Kelley. In his report, Dr. Barefoot opined, Ms. Kelley "*failed to appreciate the severity of Mr. Harris' condition*" and advised Harris "*would not be able to function in any type of competitive workplace environment, even given restrictions*." A copy of Dr. Barefoot's report was submitted with Harris' appeal.

19. The Policy permits Mutual of Omaha to have Harris examined by a physician of its own choosing. Instead of exercising this option, Mutual of Omaha decided to hire Dr. William Strassberg to review Harris' claim file on appeal. Mutual of Omaha failed to provide Dr. Strassberg with Harris' complete file for review as he was not provided with office notes from Harris' first two office visits with Dr. Peters after leaving work due to disability (4/8/16 and 5/21/16).

20. Without ever consulting with, let alone examining Harris, Dr. Strassberg opined, "sedentary capacity is supported."

5

21. Mutual of Omaha once again chose to base its decision solely on the opinion of a medical consultant performing a paper only file review. In a letter dated March 1, 2017, Mutual of Omaha informed Harris it was upholding its decision to deny his claim for LTD benefits.

22. Mutual of Omaha's March 1, 2017 decision constituted a final administrative denial, thereby exhausting the administrative remedies under the Plan and policy.

23. After Defendant denied Plaintiff's LTD benefits, he continued to purse an unbiased determination from the Social Security Administration ("SSA") as to whether he is disabled from all substantial gainful activity. In a Decision dated November 16, 2018, Administrative Law Judge John R. Price determined Harris has the "residual functional capacity to perform less than full range of sedentary work." Judge Price also determined Harris "requires a low stress work setting with no fast-paced demands and is limited to simple detailed and non-complex tasks."

24. Harris submitted a copy of the SSA Notice of Award and Judge Price's well-reasoned Decision to Mutual of Omaha with a Request for Reconsideration prior to filing this action.

25. Mutual of Omaha declined to take Harris up on his request to review the SSA file and reconsider its wrongful denial of his LTD claim.

26. In making its decision to deny Harris' benefits, Mutual of Omaha failed to provide Harris with a full and fair review of his claim. Mutual of Omaha (1) wrongfully ignored evidence supporting disability; (2) disregarded credible opinions provided by Harris' treating physician and an Independent Medical Examiner; (3) made unfounded credibility assessments regarding Harris subjective complaints; and (4) chose to solely rely on the opinions of medical file reviewers instead of exercising its right under the policy to have Harris examined by a provider of its own choosing.

27. Due to its dual role as decision-maker of benefit claims and payor of benefits, Mutual of Omaha suffers from a structural conflict of interest that infected and biased its decision to terminate benefits.

28. Mutual of Omaha's denial was not the product of a reasoned decision making process and contrary to the terms of the governing plan and insurance policy.

29. Under 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to her under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

30. All administrative remedies and conditions precedent have been exhausted and this claim for benefits is ripe for adjudication.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in favor of the Plaintiff and against Mutual of Omaha, and award Plaintiff all past due benefits and declare Plaintiff's right to reinstatement of benefits in the amount equal to the contractual amount of benefits to which he is entitled prospectively; and

B. That the Court order Mutual of Omaha to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

C. That the Court award Plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of the suit; and

D. That the Plaintiff recovers any and all other relief to which he may be entitled.

8

                                                                              Respectfully Submitted,

Dated: March 18, 2019                             By:    <u>/s/ *Joshua Erik Abell*</u>
                                                                                       Joshua Erik Abell

Joshua Erik Abell
Abell & Capitan Law, PLLC
6011 Brownsboro Park Blvd.
Suite A
Louisville, KY 40207
Tel: 502-230-4659
Fax: 502-206-2899
Email: Erik@longtermdisabilitylawyers.com